[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 54, and the defendant wife, 37, whose birth name is Garcia, married on September 10, 1994 in Stamford, CT. The plaintiff has lived continuously in this state for the past 21 years. He has one minor daughter of a previous marriage that he has supported during this CT Page 3679 marriage. No child has been born to the defendant since the marriage. During the marriage the defendant has supported her son who lives in Colombia with relatives. The parties ceased having conjugal relations during the Spring of 1999, this action was served on the defendant on June 18, 1999 and the court has concluded that the marriage had broken down irretrievably shortly before then. All the allegations of the complaint are found proven and true.
The plaintiff, who enjoys good health, has been employed as a machinist by Pitney Bowes since 1984 and has worked on the second shift for the past 10 years. In 1993 the plaintiff purchased a condominium unit utilizing his funds. He values the property's present fair market value to be $170,000. It is subject to a mortgage balance of $105,000. The plaintiff has 1973 shares of Pitney Bowes stock, a 401(k) plan containing $29,500, a Merrill lynch CMA account containing $18,498 and a checking account containing $1552. He owns a 1985 Nissan auto that he values at $1000. He owes Sears $1100 which is his only liability listed on his financial affidavit. However, he owes temporary alimony of $100 per week for the weeks following January 19th, a total of seven weeks which he will be ordered to pay in the judgment being entered. He has also worked part-time for a company that lines parking lots during the warm months of the year.
The defendant also enjoys good health and has worked both in the Clairol factory until 1996 and as a housecleaner on a per day basis several days each week. She claimed that the plaintiff inflicted physical abuse on her on two occasions, the more recent episode occurring in 1997 for which she introduced the photos of the bruises (defendant's Exhibit N). The plaintiff testified that the defendant left for Colombia to visit her family and returned to the USA two or three days later, explaining to her husband that she had been assaulted by family members and had left in great haste. The police were not called. The court finds that it cannot conclude that either party has proven the origin of the defendant's injuries. The court finds that each party contributed to the support of their household during the marriage according to their respective abilities. The court has concluded that the plaintiff has had the greater earning power and the greater ability to acquire assets in the future. The defendant maintained the house during the marriage.
The court finds that the claim of the defendant that the plaintiff owns land in Colombia to be unproven.
Having reviewed the evidence in light of the relevant statutes and case law the court enters the following decree.
 1. Judgment is entered dissolving the marriage on the CT Page 3680 ground of retrievable breakdown of the marriage and each party is now declared to be unmarried.
 2. The plaintiff shall pay to the defendant weekly periodic alimony of $200 for the term of 42 months unless sooner terminated by the remarriage of the defendant, the death of either party or future court order including one based on § 46b-86. The amount is modifiable but the term is nonmodifiable in any event beyond 42 months. A wage withholding order is entered and the plaintiff is ordered to execute an advisement of rights. The alimony is taxable to the defendant and deductible by the plaintiff.
 3. The plaintiff shall retain ownership of the condominium unit known as 950 Cove Road, Unit P-2, Stamford, CT as his sole property. The plaintiff is awarded sole possession of the premises as of March 31, 2001 if the defendant has not vacated by said date.
 4. The defendant is awarded 1000 shares of the plaintiff's Pitney Bowes stock.
 5. The defendant is awarded $9000 to be paid from the plaintiff's Merrill Lynch CMA account.
 6. The defendant is awarded 25 percent of the plaintiff's 401(k) account.
 7. The parties shall attempt to divide the miscellaneous household items. Failing complete division either party may move the court for a further articulation dividing the items in dispute.
 8. Each party shall be solely responsible for the bills each has incurred including attorneys fees.
 9. The plaintiff shall cooperate with the defendant if she elects to continue medical insurance pursuant to COBRA.
 10. The plaintiff shall pay the temporary alimony arrears due through March 9, 2001 in three weeks. CT Page 3681 The new alimony order entered as part of this judgment shall become effective with the initial weekly payment due on March 16, 2001.
 11. The plaintiff shall retain his auto, his checking account and his group life insurance as his sole property.
Counsel for the plaintiff is directed to draft the judgment file.
HARRIGAN, J.T.R.